IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MAESTAS *et al.*,

    Plaintiffs,

v.                                             Civ. No. 15-53 MCA/KK

CITY OF ALBUQUERQUE *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO VACATE

THIS MATTER is before the Court on Defendants' Opposed Motion to Vacate All Deadlines Set Forth in the Initial Scheduling Order Issued in this Cause (hereinafter "Motion to Vacate") (Doc. 17), filed February 18, 2015.  The Court, having reviewed the submissions of the parties and the relevant law, finds that the motion is well taken in part, and will grant the motion in part and deny it in part, as follows.

In their Motion to Vacate, Defendants ask the Court to vacate all of the deadlines set forth in its Initial Scheduling Order (Doc.10), specifically, the deadlines for counsel to meet and confer, submit a Joint Status Report and Proposed Discovery Plan ("JSR"), and attend a Rule 16 Initial Scheduling Conference.  In support of the Motion to Vacate, Defendants assert that they have filed a Motion for Stay of Discovery (Doc. 16), and that if the Court grants the motion, it would be futile for counsel to fulfill the deadlines in the Initial Scheduling Order.  (*See* Doc. 17 at 2.)  Defendants note that if their motion to stay is granted, any case management deadlines resulting from the meet and confer session, JSR, and Initial Scheduling Conference would be rendered moot.  (*Id.*)

Defendants' motion to stay discovery, on which their Motion to Vacate relies, in turn relies on Defendants James Eichel's and Arturo Sanchez's motion for summary judgment based on qualified immunity. (Doc. 16.) The Supreme Court has repeatedly highlighted the broad protection that the qualified immunity defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens associated with litigation, including pretrial discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Pearson v. Callahan*, 555 U.S. 231-32 (2009). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if possible. *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991), *overruled on other grounds by Pearson*, 555 U.S. at 238-39; *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As such, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

However, in the present matter, Plaintiffs' counsel has submitted an affidavit under Federal Rule of Civil Procedure 56(d) (formerly 56(f)), attesting that Plaintiffs require certain discovery to respond to Defendants' summary judgment motion. (Doc. 23-4.) In general, "affidavits submitted under rule 56(f) are entitled to liberal treatment," provided "the party filing the rule 56(f) affidavit show[s] how additional time will enable him to rebut movant's allegations of no genuine issue of material fact." *Jones*, 854 F.2d at 1210-11. A plaintiff's Rule 56(d) affidavit in response to a motion for summary judgment based on qualified immunity must also show

> how discovery will enable [the plaintiff] to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion.  To that end, it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands.

*Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

In light of the foregoing, the Court will grant Defendants' Motion to Vacate insofar as it asks the Court to vacate the deadlines for counsel to meet and confer and to submit a JSR. Discovery in this case, if any, must be limited to information connected to the validity of Defendants' assertion of qualified immunity.  *Id.*  It would therefore be futile for counsel to meet and confer, and to submit a JSR, regarding case management deadlines for ordinary, broad discovery.  However, the Court will deny Defendants' Motion to Vacate insofar as it asks the Court to vacate the Rule 16 Initial Scheduling Conference scheduled for February 27, 2015.  A scheduling conference in this matter remains necessary to allow the Court to consult with counsel regarding entry of an order staying discovery or modifying the extent of discovery pursuant to Federal Rule of Civil Procedure 16.  Fed. R. Civ. P. 16(b)(1)(B), (b)(3)(B)(ii).  At the conference, counsel should be prepared to discuss what discovery, if any, Plaintiffs need to respond to Defendants' summary judgment motion based on qualified immunity, and how this discovery is or is not connected to the validity of Defendants' assertion of qualified immunity.

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Vacate (Doc. 17) is GRANTED IN PART and DENIED IN PART.  The Court hereby vacates the February 6, 2015 deadline for counsel to meet and confer, and the February 17, 2015 deadline for Defendants to submit the parties' JSR to the Court.  However, the Court will not vacate the Rule 16 Initial Scheduling Conference set for February 27, 2015 at 1:30 p.m.

IT IS SO ORDERED.

*Kirtan Khalsa*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE