IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MAESTAS, as
Personal Representative of the
ESTATE OF ALFRED REDWINE,
*et al.*,
      Plaintiffs,

vs.                                                               Civ. No. 15-0053 MCA/KK

THE CITY OF ALBUQUERQUE, *et al*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This case is before the Court upon Defendants' Motion to Dismiss Plaintiffs' Loss of Consortium Claims and to Dismiss Parties. [Doc. 15] The Court has considered the briefs submitted by the parties, the record in this case and the applicable law, and is otherwise fully advised in the premises.

      Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41 (1957). In *Bell Atlantic Corporation v. Twombly*, 550U.S. 544 (2007), the Supreme Court retired *Conley*'s test, replacing it with the following test: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d

1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).  In applying this test, a court accepts as true "all plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint,.  *Shrader v. A1 Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011);  provided, that "the tenet that a court must accept as true all of the allegations contained in a complaint is in applicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

**Loss of Consortium**

Plaintiffs concede that they have no federal  claims for loss of consortium under 42 U.S.C. § 1983. [Doc. 31 at 2]  The Court accepts this concession and will dismiss Plaintiffs' federal claims for loss of consortium.

The Court next addresses Plaintiffs' state-law claims for loss of consortium. Plaintiffs allege that they enjoyed familial relationships with decedent, Alfred Redwine— *i.e.*, son, mother, sister, nephew and aunt.  Plaintiffs' loss of consortium claims can be characterized as claims for (1) personal injury (*i.e.*, loss of consortium) (2) resulting from a fatal battery (3) caused by Officer Eichel while acting within the scope of his duties.[1]  NMSA 1978, § 41-4-12 provides that immunity is waived for "[1]

---

[1]There are three "filters" written into § 41-4-12.  First, the plaintiff must allege an enumerated form of injury: "personal injury, bodily injury, wrongful death or property damage."  Second, the enumerated form of injury must result from an enumerated form of wrongdoing:  assault, battery, false imprisonment, *etc*. Third, the  injury must have been caused by an officer while acting in the scope of duty.  It is essential to proper analysis to recognize that § 41-4-12 does not require that a specific form of personal injury claimed by the plaintiff be enumerated  in § 41-4-12 as

personal injury . . . [2] resulting from . . . battery . . . [3] when caused by law enforcement officers while acting within the scope of their duties.  Plaintiffs' loss of consortium claims clearly fall within the waiver of immunity set out in § 41-4-12.

A further question is whether Plaintiffs have pleaded relationships between Plaintiffs and Alfred that are the type of close, mutually-dependent relationships protected by New Mexico law.  The New Mexico Supreme Court has identified various circumstances, most importantly mutual dependence, to be taken into account in deciding whether a particular relationship is sufficiently close to justify legal protection.  *Wachocki v. Bernalillo County Sheriff's Dep't*, 150 N.M. 650 (Ct. App. 2009).  The Court views these circumstances as matters of evidence to be proved, not pleaded, particularly where, as here, the relationships between the plaintiffs and the decedent are familial relationships that in common human experience easily can result in close relationships of the type protected by New Mexico law.   Defendants can challenge the sufficiency of the evidence supporting Plaintiffs' loss of consortium claims through a motion for summary judgment.

Defendants also argue that no duty was owed to Plaintiffs because Plaintiffs were not foreseeable injured parties. [Doc.15 at 9] Defendants miss the important point that Plaintiffs' claims are derivative of a battery—an intentional tort— allegedly inflicted on Alfred by Officer Eichel, not negligence.  Foreseeability and duty primarily are negligence concepts.  *See Solorzano v. Bristow*, 136 N.M. 658, 663 (Ct. App. 2004).  Here, Plaintiffs are seeking damages for the consequences of an intentional tort.  Liability for the

---

long as the form of personal injury otherwise is recognized by New Mexico law and can be inflicted through an enumerated form of wrongdoing. On this point, the Court respectfully disagrees with *Murphy v. Bitsoih*, 320 F. Supp. 2d 1174, 1204-05 (D. N.M. 2004) ( M. Vazquez, D.J.).

consequences of intentional wrongdoing extends further than in the case of negligent wrongdoing.  *Prosser and Keeton on Torts* § 43 at 293 (5th ed. 1984) ("One area in which it may be especially likely that the 'foreseeability' limitation will be cast aside is that of intentional torts, as to which it has been said often enough that there is more extended liability.") (footnote omitted);  57A Am. Jur. 2d *Negligence* § 422.

**Conclusion**

Defendants motion is granted as to Plaintiffs' § 1983 claims and denied as to Plaintiffs' state-law claims.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Loss of Consortium Claims and to Dismiss Parties. [Doc. 15] is **granted in part** and **denied in part**.

So ordered this 30th day of September, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge