IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MAESTAS, as
 Personal Representative of the
ESTATE OF ALFRED REDWINE,
*et al.*,
         Plaintiffs,

vs.           Civ. No. 15-0053 MCA/KK

THE CITY OF ALBUQUERQUE, *et al*,

         Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court upon Defendant Arturo Sanchez's Motion for Summary Judgment and the City of Albuquerque's Motion to Dismiss. [Doc. 13] The Court has considered the parties' briefs, the record in this case and the applicable law, and is otherwise fully advised.

**The City's Motion to Dismiss**

With respect to Plaintiffs' § 1983 claims against the City (Counts II and VII), the City's motion to dismiss has been overtaken by the Court's conclusion in its Memorandum Opinion and Order [Doc. 48] addressing Officer Eichel's motion for summary judgment that Officer Eichel did not violate Alfred's Fourth Amendment rights in fatally shooting him. In the absence of an underlying constitutional violation, the City may not be held liable under § 1983. *Trigalet v. City of Tulsa*, 239 F.3d 1150 (2001). In

1

view of the Court's exoneration of Officer Eichel from § 1983 liability, Plaintiffs' § 1983 claims against the City asserted in Count II and VII are ripe for summary judgment. The Court will hold in abeyance the City's motion to dismiss as it pertains to the federal claim asserted in Count II and VII so that the City may move for summary judgment.

The City also challenges Count II as failing to assert a viable state-law claim pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et seq*. [Doc. 13 at 10] In its Memorandum Opinion and Order [Doc. 48] addressing Officer Eichel's motion for summary judgment, the Court concluded that the evidence gives rise to a genuine issue of material fact as to whether Officer committed a battery upon Alfred. Battery is one of the torts enumerated in § 41-4-12. If the alleged negligence of the City in hiring, training, supervising, or retaining Officer Eichel caused him to be in a position where he committed the enumerated tort of battery, then the City may be held liable for personal injury resulting from the battery. *See Ortiz v. New Mexico State Police*, 112 N.M. 249 (Ct. App. 1991). The Court will deny the City's motion to dismiss Count II as it pertains to any NMTCA claim for negligence in hiring, training, supervising, or retaining Officer Eichel.

The City has moved to dismiss Counts I, III and IV, Plaintiffs' federal and state-law claims against Officer Eichel. The Court will deny the City's motion to dismiss as moot as to these Counts given the Court's rulings on these claims in its prior Memorandum Opinion and Order addressing Officer Eichel's motion for summary judgment.

The Court has addressed Count V, Plaintiffs' claims for loss of consortium in a separate Memorandum Opinion and Order. [Doc. 49] Plaintiffs concede they have no

claims for loss of consortium pursuant to § 1983.  The Court has concluded that Plaintiffs have adequately alleged state-law claims for loss of consortium.

The City argues that it is not subject to liability pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552. as asserted in Count VI.  The Court agrees.  5 U.S.C. § 551(1) (limiting definition of "agency" to authorities of the United States government); *Petricca v. City of Garner*,  429 F. Supp. 2d 216, 224 n.1 (D. Mass. 2006).

The City argues that Plaintiff, Patricia Maestas, is the sole proper party to Count VI, Plaintiffs' claim under the New Mexico Inspection of Public Records Act, NMSA 1978, §§ 14-2-1 *et seq.* The Court agrees. The Complaint alleges that Plaintiff Maestas is the person who requested documents from the City.  As the person whose requests allegedly have been denied, Plaintiff Maestas is the proper plaintiff in a IPRA action. Section 14-2-12(A)(2).

**Lt. Sanchez's Motion for Summary Judgment**

Like the City's motion to dismiss, Lt. Sanchez's motion for summary judgment has been overtaken by the Court's conclusion that Officer Eichel did not violate Alfred's Fourth Amendment rights.  The Court's analysis of  Officer Eichel's motion for summary judgment is hereby incorporated as part of this Memorandum Opinion and Order.  In the absence of an underlying constitutional violation by a subordinate,  Lt. Sanchez may not be held liable under § 1983.  *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 918 n.7 (10th Cir. 2012) (discussing *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226 (10th Cir. 1999)) ("We believe *Sutton* recognized the requirement that supervisory

liability be premised on an underlying constitutional violation."); *see also Richardson v. Daniels*, 557 Fed. App'x 725, 728 (10th Cir. 2014).

Having re-reviewed the Complaint, the Court concludes that Count III is limited to Officer Eichel and does not allege a claim against Lt. Sanchez. The Court dismissed Count III as to Officer Eichel in a previous Memorandum Opinion and Order. [Doc. 48] The Court will deny as moot Lt. Sanchez's motion for summary judgment to the extent it seeks dismissal of Count III as Count III has already been dismissed as to Officer Eichel.

**WHEREFORE, IT HEREBY IS ORDERED** that:

(1) The City's Motion to Dismiss Counts I, III and IV is **denied as moot** in view of the Court's prior Memorandum Opinion and Order addressing these claims [Doc. 48];

(2) The City's Motion to Dismiss Plaintiffs' § 1983 claims asserted against the City in Counts II and VII, is **held in abeyance**;

(3) The City's Motion to Dismiss Plaintiffs' state-law claims asserted against the City in Count II **is denied**;

(4) The City's Motion to Dismiss Count V, Plaintiffs' loss of consortium claims, is **denied as moot** in view of the Court's prior Memorandum Opinion and Order [Doc. 49] addressing these claims;

(5) The City's Motion to Dismiss Plaintiffs' FOIA claim asserted in Count VI is **granted**;

(6) The City's Motion to Dismiss Plaintiffs' IPRA claim asserted in Count VI is **granted** as to all Plaintiffs other than Patricia Maestas;

      (7)    Lt. Sanchez's Motion for Summary Judgment is **granted** as to Count I and **denied as moot** as to Count III in view of the Court's prior Memorandum Opinion and Order addressing and dismissing Count III. [Doc. 48]

**SO ORDERD this 30th day of September, 2015.**

                                          _____
                                          M. CHRISTINA ARMIJO
                                          Chief United States District Judge